J-S42022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| COREY JAMES KITTLE | |
| Appellant | No. 1403 MDA 2016 |

Appeal from the Judgment of Sentence August 8, 2016
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0002878-2014
CP-40-CR-0004255-2013

BEFORE:  OLSON, J., MOULTON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MOULTON, J.:　　　　　**FILED SEPTEMBER 27, 2017**

Corey James Kittle appeals from the August 8, 2016 judgment of sentence entered in the Luzerne County Court of Common Pleas following his revocation of probation.  Kittle's appellate counsel has filed an **_Anders_**[1] brief and a petition to withdraw from representation.  We affirm and grant counsel's petition to withdraw.

On July 8, 2014, Kittle pled guilty at docket CP-40-CR-0004255-2013 ("Docket 4255") to two counts of driving under the influence of alcohol or a controlled substance ("DUI"), one count of fleeing or attempting to elude an officer, and one count of driving while his operating privilege was suspended

---

[1] **_Anders v. California_** 386 U.S. 738 (1967).

or revoked.[2]  On February 5, 2015, the trial court sentenced Kittle to 2 to 4 months' incarceration and 1 year probation for the conviction for fleeing or attempting to elude an officer.  For the DUI convictions, which merged for sentencing purposes, the trial court sentenced Kittle to a concurrent 48 hours' to 6 months' incarceration.

On March 23, 2015, Kittle pled guilty at docket CP-40-CR-0002878-2014 ("Docket 2878") to defiant trespass and harassment.[3]  On April 6, 2015, the trial court sentenced Kittle to 1 year probation for the defiant trespass conviction to run consecutive to Kittle's sentence at docket CP-40-CR-0001399-2014 ("Docket 1399"),[4] and a consecutive 90 days of probation for the harassment conviction.

On March 16, 2016, the Commonwealth filed a petition for the revocation of Kittle's probation at Dockets 4255 and 2878.  In the petition, the Commonwealth alleged that Kittle had violated the conditions of his probation based on his arrest for stalking, terroristic threats, criminal mischief, resisting arrest, driving while his operating privileges were suspended or revoked, and institutional vandalism.  The trial court held a

_____

[2] 75 Pa.C.S. §§ 3802(a)(1), 3802(a)(2), 3733(a), and 1543(a), respectively.

[3] 18 Pa.C.S. §§ 3503(b)(1)(i) and 2709(a)(3), respectively.

[4] At Docket 1399, the trial court sentenced Kittle to 2 to 4 months' incarceration and 1 year probation for a simple assault and a concurrent term of 15 to 30 days' incarceration for possession of marijuana.

revocation hearing on June 3, 2016. At the hearing, the trial court asked Kittle if the victim of the current violation was the same victim as in the prior simple assault case. Kittle denied that it was the same victim. At the conclusion of the revocation hearing, the trial court revoked Kittle's probation and sentenced him to 1 year probation on the conviction for fleeing or attempting to elude an officer at Docket 4255; 1 year probation for defiant trespass at Docket 2878, to run concurrent with Kittle's sentence at Docket 4255; and 90 days' probation for harassment at Docket 2878, to run consecutive to the defiant trespass sentence.

Five days later, on June 8, 2016, the Commonwealth filed a post-sentence motion, claiming that Kittle's new arrest included the same victim as the victim from the previous simple assault case. The Commonwealth argued that, because Kittle had lied and purposely misled the trial court on a material issue, the trial court should modify Kittle's sentence. The trial court held a hearing on June 14, 2016, and on July 28, 2016, granted the Commonwealth's post-sentence motion.

On August 8, 2016, the trial court resentenced Kittle to 6 to 12 months' incarceration for fleeing or attempting to elude an officer at Docket 4255; a consecutive 3 to 6 months' incarceration for defiant trespass at Docket 2878; and a consecutive 90 days of probation for harassment at Docket 2878. Kittle timely appealed.

Because counsel has filed a petition to withdraw pursuant to **Anders** and its Pennsylvania counterpart, **Santiago**,[5] we must address counsel's petition before reviewing the merits of Kittle's underlying claim. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa.Super. 2007). We first address whether counsel's petition to withdraw satisfies the procedural requirements of **Anders**. To be permitted to withdraw, counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

**Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*).

Here, counsel has stated that after a conscientious examination of the record, counsel believes this appeal would be wholly frivolous. Pet. to Withdraw, 4/25/17, at 1. Counsel furnished a copy of the **Anders** brief to Kittle, as well as a letter advising Kittle that he could seek new counsel or proceed *pro se* and "fil[e] a supplemental brief . . . raising any issues which you feel have merit." Ltr. to Kittle, 5/1/17. We conclude that counsel's petition to withdraw complies with the procedural dictates of **Anders**.

---

[5] **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

- 4 -

We next address whether counsel's **Anders** brief meets the requirements established by the Pennsylvania Supreme Court in **Santiago**. The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Counsel's brief provided a summary of the procedural history and the facts with appropriate citations to the record. **Anders** Br. at 1-3. Counsel's brief states that she conducted a thorough review of the record and determined that any appeal would be frivolous, and set forth her reasons for that conclusion. **Id.** at 3, 5-6. Accordingly, counsel has substantially complied with the requirements of **Anders** and **Santiago**.

Kittle has not filed a *pro se* brief or a counseled brief with new, privately-retained counsel. We, therefore, review the issue raised in the **Anders** brief.

On appeal, Kittle argues that "the trial court abused its discretion when it imposed a sentence, following revocation of probation, for a period of 9 to 18 months followed by 90 days of probation[.]" **Anders** Br. at 1.

Kittle is raising a challenge to the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Allen**, 24 A.3d 1058, 1064 (Pa.Super. 2011). Before we address such a challenge, we determine:

> (1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the [S]entencing [C]ode.

**Commonwealth v. Austin**, 66 A.3d 798, 808 (Pa.Super. 2013) (quoting **Commonwealth v. Malovich**, 903 A.2d 1247, 1250 (Pa.Super. 2006)).

While Kittle has timely appealed and he has included a concise statement of reasons relied upon for allowance of appeal in his brief, he has failed to preserve his issue for appeal. Kittle did not challenge the discretionary aspects of his sentence in a post-sentence motion or at the time of sentencing. **See Commonwealth v. Lamonda**, 52 A.3d 365, 371 (Pa.Super. 2012) ("Issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings.") (quotation omitted). Kittle has, therefore, waived his challenge.

Further, Kittle has failed to raise a substantial question for our review. A substantial question exists where a defendant raises a "plausible argument

that the sentence violates a provision of the [S]entencing [C]ode or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa.Super. 2013) (quotation omitted). Kittle's claim that the trial court "should not have imposed a sentence of incarceration following the revocation of probation," *Anders* Br. at 3, does not explain how the sentence violates the sentencing code or is contrary to the fundamental norms of the sentencing process.

Even if Kittle had preserved his claim and raised a substantial question, we would conclude his claim lacks merit. The trial court found that "the sentence imposed was within the sound discretion of this Court based upon the gravity scores of the committed offenses and [Kittle]'s actions in not being truthful to the Court during the revocation hearing." Opinion, 3/10/17, at 4-5. The trial court further found that Kittle's sentence was within the Sentencing Guidelines and that the trial court had discretion to impose a consecutive, rather than a concurrent, sentence. *Id.* Additionally, during the resentencing hearing, the trial court stated its reasons for the sentence imposed:

> [W]e just keep coming here from a long, long time ago when you decided you knew there was a *capias* and I think you stayed home for Christmas and then turned yourself in to where you just do what you want. A self-help method with regard to so much of this.
>
> You had parole. I said, look, here's the bottom line, and here we come back again in the same venue. And this is a pretty thick file for a few charges that should be long over and done. . . . We've been dealing with this since --

back in '14.  My notes go all the way back to '14 in this file.

N.T., 8/8/16, at 6, 8.

We conclude that the trial court did not abuse its discretion. Therefore, even if Kittle had preserved this issue for our review, he would not be entitled to relief.

Judgment of sentence affirmed.  Petition for leave to withdraw as counsel granted.

Judge Olson joins the memorandum.

President Judge Emeritus Ford Elliott concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/27/2017